UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re MICHELLE P. ALDERSON, | ) Case No. 06-60186-13 |
| Debtor. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on an objection brought by George and Judy Staton[1] ("the Statons"), creditors in this case, to the confirmation of the chapter plan of reorganization of the Michelle P. Anderson ("the Debtor").

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(L). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as

---

[1] Judy Staton is the Debtor's mother. George Staton is her stepfather.

1

directed by Fed. R. Bankr. P. 7052, which is made applicable in this proceeding by Fed.R.Civ.P. 52.

## Facts

On January 23, 2002, the Debtor filed a chapter 7 petition. On May 2, 2002, she received a discharge in the normal course. Sometime thereafter the Debtor borrowed approximately $1,900.00 from the Statons. She failed to repay the money and the Statons brought suit against her. They obtained a judgment and subsequently obtained a writ of garnishment. All of the funds were collected from the Debtor, but she filed her petition before the return date and the distribution of the funds to the Statons was stayed under 11 U.S.C. § 362(a). The plan provides for the payment of this debt as a pro rata share of unsecured claims.

The Debtor also assumed Judy Staton's identity, acquired four credit cards in her name without her knowledge or consent, and incurred approximately $23,000.00 in debt on the accounts. The Debtor was convicted of identity theft by the Circuit Court for the City of Danville. She was sentenced to twelve years confinement with all but sixty days suspended. She was also ordered to make restitution payments in the amount of $20,496.36, plus costs of $1,470.00. The payments will be used to reimburse the credit card companies for their losses. The Statons incurred no direct liability as a result of the identity theft. The approximate balance due under the restitution order is $18,000.00.

The restitution order permits the Debtor to retire the debt by making payments of $200.00 per month. She has made all restitution payments, including post-petition payments, that were due as of the date of this hearing. The plan provides that the Debtor will continue to make the $200.00 monthly payments directly to the Clerk of the Circuit Court for the City of Danville

during the pendency of the plan.

The Debtor filed this case on February 16, 2006. The trustee does not object to the confirmation of the Debtor's chapter 13 plan.

### *Discussion.*

In support of their objection to confirmation, the Statons argue that (1) the Debtor is not eligible for a discharge; (2) the Debtor filed her petition in bad faith; and (3) the Debtor filed her plan in bad faith.

*The Debtor's Eligibility for Discharge.* The Statons argue that the plan should not be confirmed because the Debtor is not eligible for a discharge under Section 1328(f).[2] This fact, if true, forms no basis for denying confirmation of a chapter 13 plan. A debtor may still obtain relief even if he or she is not entitled to a discharge[3].

*Good Faith filing of the Petition.* The Statons, citing Section 1325(a)(7)[4], argue that

---

[2] Section 1328(f) was added to the Bankruptcy Code and became effective on October 17, 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). See Pub. L. No. 109-8, 119 Stat. 23 (2005). It provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
    (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
    (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

[3] This court need not reach the issue of whether the Debtor is entitled to a discharge. If any party desires a declaration regarding whether the Debtor is entitled to a discharge or whether any particular debt is non-dischargeable, then that party may file the appropriate pleading.

[4] Section 1325(a)(7) provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if–
. . .
    (7) the action of the debtor in filing the petition was in good faith;

3

confirmation of the plan should be denied because the Debtor filed her petition in bad faith. The burden of production and the burden of proof are on the Statons. They must prove their assertion that the petition was not filed in good faith by a preponderance of the evidence. See In re Tomasini, 339 B.R. 773 (Bankr. Utah 2006).

Whether a petition is filed in bad faith is to be determined by considering the totality of the circumstances. See, e.g., In re Wagner, 342 B.R. 766, 773 (Bankr. E.D.Tenn. 2006). In Wagner, the court listed the following factors to be considered in assessing whether a petition was filed in good faith for purposes of confirming a chapter 13 plan.

> . . . in making a good faith determination, the court should consider the totality of the circumstances, based upon the Debtor's past and present circumstances, by considering the following factors: (1) her motivation for filing for bankruptcy; (2) whether this is the first or subsequent filings; (3) the types of debts and how the Debtor has dealt with her creditors; (4) whether the proposed payments are a mockery to other debtors; (5) the burden of administrating the plan; and (6) the Debtor's prospects for rehabilitation. In re Glenn, 288 B.R. 516, 519-20 (Bankr.E.D.Tenn.2002) (citing Barrett, 964 F.2d at 591 and In re Sexton, 230 B.R. 346, 351 (Bankr.E.D.Tenn.1999)).

Wagner, 243 B.R. at 773.

The first factor, a debtor's motivation for filing the petition is the primary factor. In re Thomasini, 339, B.R. at 782. The Thomasini Court considered a list of factors similar to those in Wagner and concluded that a debtor's motive, examined from the subjective perspective of the debtor, is the most important factor.

> The most probative Galanis factor to the debtor's good faith at the time of filing, from the perspective of the debtor, is the debtor's subjective motive. Accordingly, the Court will analyze § 1325(a)(7) by looking first to whether the debtor filed the present case with a good faith motive, from his or her own perspective. This inquiry must recognize that a debtor's subjective motive can be considered good faith or bad faith depending on the perspective of the Court's analysis. A debtor who files for bankruptcy relief to stop foreclosure on his or her home may be filing in good faith as to the debtor, but not necessarily as to the foreclosing creditor. Whereas the Court should recognize the

4

creditor's perspective in a Motion to Extend, it must look to the debtor's perspective when considering whether to confirm a chapter 13 plan. As another example, a debtor who files for bankruptcy relief to discharge or remove a judgment lien may be filing in good faith as to the debtor, but not as to the judgment creditor. The debtor's motivation to pay as much to the judgment creditor as possible would constitute good faith from the debtor's perspective.

Thomasini, 339 B.R. at 782.

The Statons argue that the Debtor timed the filing of her petition in this case for the "sole purpose of quashing the garnishment."[5] It may be true that this was one of the reasons that the Debtor filed her petition, but this fact is insufficient to support a finding that the Debtor filed her petition in bad faith. The quashing of writs of garnishment is an integral part of the bankruptcy process and in fact quite often forms the basis for a decision to file a petition. If such a motive were an indicia of bad faith, few debtors would be granted the relief that a chapter 13 reorganization affords.

Furthermore, the Debtor faces unsecured debts totaling more than $40,000.00, not including the debt owed to the Statons or the debt arising from the restitution claim. In this case, the Debtor's motivation for filing her petition was simply to put her financial life back together after making a very serious mistake. The court can see no other motive. To the extent that this bankruptcy proceeding is a continuation of intra-familial dispute, it is a step in the right direction in that the chapter 13 trustee, as a buffer between the parties, should serve to decrease the friction between them.

The Statons argue that the Debtor's schedules were drafted with the intent to deceive. The Debtor listed the "City of Danville" as a creditor with a balance of $650.14. The basis of

---

[5] Transcript of Hearing: Page 14, lines 17-19.

5

this debt is unclear, but it may well have been the balance that the debtor owed on to the Clerk of the Court for the City of Danville for Costs of Court incurred in the Restitution Proceeding. The Debtor did not include the restitution claim in her schedules but she did indicate on her Statement of Financial Affairs that she had made $1,200.00 in payments to the City of Danville. After the Statons raised their objection to the Debtor's plan, her attorney asked her about the restitution claim. She explained, "[T]hat's restitution. You can't bankrupt that." The Debtor filed amended schedules disclosing the restitution claim. The Court believes that the Debtor did not realize that she had to disclose the debt even if it is non-dischargeable.

Furthermore, the Debtor had nothing to gain by purposefully omitting the restitution claim from her schedules. If the restitution debt is non-dischargeable, then the Debtor's failure to schedule it would not benefit her because it would be excepted from discharge by statute. See 11 U.S.C. § 1328(a)(3). If the debt is dischargeable and it is not provided for in the plan, then it would not be discharged by the discharge order. See 11 U.S.C. § 1328. In either event, the Debtor had nothing to gain by not scheduling the restitution claim.

The second consideration is whether a debtor has filed any previous petitions. While this is the Debtor's second petition, it is her first in approximately four years. This is hardly evidence that she is either a serial filer or intends to abuse the bankruptcy process.

The third consideration is the types of debts and how the Debtor has dealt with her creditors. The Debtor owes two debts that directly or indirectly concern the Statons. One is based on breach of contract by the Debtor. It is an ordinary kind of debt that forms the basis of many, if not most, bankruptcy claims. It does not evidence bad faith.

The Statons argue that the $1,900.00 debt arose out of deceit and fraud. There is no

6

evidence supporting this assertion. If the Statons believe that their claim is non-dischargeable, then they may obtain the appropriate relief by filing an adversary complaint objecting to the dischargeability of that debt. Even if the debt is non-dischargeable, it does not form a basis for denial of confirmation of a plan based on bad faith. Nor does the fact that the debt may be of some, or even great, importance, to the Statons.

The second "transaction" concerning the Statons consists of the Debtor's theft of her mother's financial identity. The act of identity theft cannot, of itself, be said to be an act of good faith. But, as noted by the Court in Thomasini, the issue under Section 1325(a)(7), whether the filing of the petition was an act of bad faith, is to be determined from the perspective of the Debtor. For the court to find that a petition was filed in bad faith, there must be some motive other than financial rehabilitation.

This court can find no other motive of the part of the Debtor than to put her financial affairs in order. She did not file the case as an act of retribution. It appears, although it is not necessary to decide, that the debt based on identity theft will not be discharged by the discharge order in this case. It is concluded that the Debtor has dealt fairly with her creditors in this case.

The fourth factor is whether the proposed payments are a mockery to other debtors. The plan is, in all respects, an ordinary one. Neither the chapter 13 trustee nor other creditors have objected to its confirmation. If the plan were so out of the ordinary to make a mockery of the bankruptcy process, then there would be a basis on which the trustee would surely object.

The administration the plan will not be a burden on the chapter 13 trustee. The plan is a simple one. The fact that the trustee does not object to the plan supports this conclusion.

Finally, the Debtor's prospects for financial rehabilitation are no more or less than those

of most persons who file a petition under chapter 13. The plan is feasible and the chapter 13 trustee has recommended confirmation pending the resolution of the Statons' objection. If the Debtor is able and willing to fund her chapter 13 plan during its entire pendency, then she will emerge in an improved financial position.

*Good Faith Filing of the Plan.* The Statons argue that the Debtor's plan is not filed in good faith as required under 11 U.S.C. § 1325(a)(3)[6]. The Statons point to nothing in the plan that would support this assertion. Nor do they point to any misconduct by the debtor during the pendency of the case. Only if there has been a showing of serious debtor misconduct or abuse should a chapter 13 plan be found lacking in good faith. 8 Collier on Bankruptcy, "Confirmation of Plan", ¶ 1325.05[1], p. 1325-16 (15th ed. rev.) (And cases cited therein). The plan proposes to pay unsecured creditors a pro rata amount of the Debtor's disposable income over a period of five years. The plan proposes to pay the unsecured creditors more than they would receive in a chapter 7 case. The plan proposes to pay all priority claims in full. The Debtor's plan is an unremarkable confirmable plan.

The Statons argue that if the debtor does not make her restitution payments, they might incur further expense. They provide neither an explanation of why this assertion might be true nor evidence supporting it. Even if the assertion were true, it would not provide a basis for a finding of bad faith. Virtually every creditor in every case incurs some cost when a debtor fails

---

[6]   Section 1325(a)(3) provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if–
. . .
(7) the plan has been proposed in good faith and not by any means forbidden by law;

to perform his or her obligations under a confirmed plan of reorganization.

Additionally, the Debtor in this case has a greater incentive than most to perform the requirements of her proposed plan. If the Debtor fails to make the $200.00 monthly restitution payment, the Statons will have a basis for a motion to dismiss the case. But her incentive to make the payments is much greater than this. If she fails to make the restitution payments, she will face the possibility of a twelve-year prison sentence.

Furthermore, whether or not the Debtor is a debtor in bankruptcy making payments pursuant to a confirmed plan of reorganization will have no bearing on whether the Statons will incur expenses if the Debtor fails to make her restitution payments. Indeed, the Debtor will have a better chance of making the restitution payments if she is shielded from her other creditors by the operation of the automatic stay and a confirmed plan.

The Statons also argue that there is no indication that the Debtor intends to keep paying this debt. This assertion has no bearing on the confirmation of the Debtor's proposed plan. To the extent that the Statons are arguing that the plan is not feasible, the Court agrees with the trustee that the plan is feasible.

### *Conclusion*

Whether the debtor is eligible to receive a discharge in this case is not relevant to the whether the plan may be confirmed. The Debtor filed her petition and her plan in good faith. The objection of George and Judy Staton is overruled. The plan will be confirmed.

### **ORDER**

For the foregoing reasons, the objection to the Debtor's plan by George and Judy Staton shall be and hereby is overruled. The Debtor's chapter 13 plan of reorganization is confirmed.

Upon entry of this Memorandum and Order, the Clerk shall forward a copies to H. David Cox, Esq., counsel for the debtors, and Darren W. Bentley, Esq., counsel for the objecting parties.

Entered on this 7th day of August, 2006.

William E. Anderson
United States Bankruptcy Judge